Petition for Writ of Mandamus Denied and Plurality Opinion filed January
18, 2006









 

Petition for Writ of Mandamus Denied and Plurality
Opinion filed January 18, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00035-CV

____________

 

IN RE GLORY HOPKINS, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

P L U R A L I T Y   O P
I N I O N

On January 6, 2006, relator, Glory Hopkins, filed a petition
for writ of mandamus in this court.  See
Tex. Gov=t Code Ann. ' 22.221 (Vernon 2005); Tex. Elec. Code Ann. '' 161.009, 273.061 (Vernon 2003); see also Tex. R. App. P. 52.  We denied relief in an opinion filed January
10, 2006.  On January 13, 2006, relator
filed a second petition.  Relator seeks a
writ of mandamus directing Eric Thode, County Chairman of the Republican Party
of Fort Bend County, to accept her application and certify her for placement on
the Republican party general primary ballot as a candidate for District Clerk
of Fort Bend County.  Thode rejected
relator=s application because it was not
received by January 2, 2006, at 6:00 p.m. 
See Tex. Elec. Code Ann.
' 172.023 (Vernon 2003).

 








Relator seeks equitable relief from the statutory deadline to
file her application for a place on the general primary election ballot.  See Tex.
Elec. Code Ann. ' 172.023(a) (Vernon 2003). 
Relator asserts Thode violated a statutory duty to provide candidates
with a correct address to file their applications by mail.  Relator cites section 172.021(c) of the
Election Code for the proposition that because candidates are allowed to file
by mail, a statutory duty arose to provide the correct address to candidates
for filing their applications by mail.  See
Tex. Elec. Code Ann. ' 172.021(c) (Vernon Supp. 2005). 

As relevant to this case, courts may fashion an equitable
remedy, including extension of a statutory deadline, to correct an official=s violation of a statutory duty.  See In re Gamble, 71 S.W.3d 313, 318
(Tex. 2002).  When exercising this
jurisdiction, a court must balance the competing equities.  Id. at 317.  Extending the statutory deadline is an
extraordinary departure from the careful planning of the legislature and not to
be invoked lightly.  Id. at 318.[1]  In this case, to whatever extent the law
imposed a duty on Thode to provide a correct address for filing applications by
mail, and to whatever extent the three e-mails he sent containing an incorrect
zip code in the address for Precinct Chair applications violated this duty, he
corrected this error by providing correct information in several other and
subsequent e-mails, including all of those directed to candidates for all
elected positions besides Precinct Chair. 
Conversely, by choosing to send her application and petitions by mail,
but not having the package postmarked until December 27, Hopkins assumed a risk
that delivery of the materials, even if correctly addressed, could be delayed
over the holiday weekend, and that she would not be notified in time to
retrieve and timely file those materials by January 2.  Under these circumstances, relator has not
established that the failure to timely file her application reasonably resulted
from the violation of a statutory duty such that the competing equities warrant
extending the statutory deadline.








Accordingly, we deny relator=s petition for writ of mandamus.

 

 

 

/s/        Richard H. Edelman

Justice

 

 

Petition denied
and Plurality Opinion filed January 18, 2006.

Panel consists of
Justices Fowler, Edelman, and Guzman. 
(Guzman, J. concurring, opinion to follow.)  (Fowler, J. dissenting, opinion to follow.)











[1]Although Gamble was an injunction proceeding,
whereas this is a mandamus, such equitable relief has been afforded in mandamus
cases.  See Bell, 91 S.W.3d
784, 788 (Tex. 2002) (orig. proceeding); Davis, 930 S.W.2d 581, 584
(Tex. 1996) (orig. proceeding).